IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gerald Keith McWhorter, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:11-185-MGL-JRM |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina. Gerald Keith McWhorter ("McWhorter") brought an action seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") partially denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. In his Report and Recommendation, the Magistrate Judge recommends that the Commissioner's decision be affirmed. McWhorter filed objections to the Report and Recommendation ("Report"), arguing that there is no substantial evidence to support the Administrative Law Judge's ("ALJ") findings. (ECF No. 43 at 1.) For the reasons stated below, the court adopts the Report in part and reverses and remands the case for further proceedings consistent with this Opinion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them without recitation and summarizes below in relevant part. McWhorter filed an application for DIB and SSI on May 8, 2007 alleging disability as of April 13, 2007. (Tr. 21.)

Plaintiff's claims were denied initially and upon reconsideration. On August 21, 2009, the ALJ had a hearing before the ALJ. The ALJ issued a November 3, 2009 decision denying benefits and finding McWhorter was not disabled. (Tr. 21.) The Appeals Council granted review and issued a partially favorable decision on December 22, 2010 and found that McWhorter was disabled on April 1, 2009 due to head and neck cancer. (Tr. 1-8.) The Appeals Council adopted the ALJ's findings that McWhorter was not disabled from the time period of April 13, 2007 through April 1, 2009. (Tr. 5.) McWhorter filed the instant action on January 24, 2011. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendations to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## III. PARTIES' RESPONSE

On August 31, 2012, McWhorter filed objections to the Magistrate Judge's Report generally

alleging the Commissioner's determination that McWhorter was not disabled is in error. (ECF No. 43 at 1.) On September 17, 2012, the Commissioner responded to McWhorter's objections reasoning that McWhorter's objections should be rejected and that the ALJ's decision should be affirmed as it is supported by substantial evidence. (ECF No. 45.)

### III. DISCUSSION OF THE LAW

#### A. Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive..."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right

of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**B. Objections**

**1. Evidence to Support the Commissioner's Decision Particularly as it Relates to the Claimant's Residual Functional Capacity ("RFC") and Consideration of the Opinion of Treating Physician Dr. Shallcross.**

The court addresses McWhorter's first and second objections concurrently as the issues are related. As a first objection, McWhorter states that there is no evidence in the record to support the ALJ's finding that the he is able to perform sedentary work as listed by the ALJ. (ECF No. 43 at 1.) He complains that the ALJ placed unjustified weight on the State agency's medical consultants' physical and mental assessments. (ECF No. 43 at 1-2.) In particular, McWhorter claims that the use of Dr. Frank Ferrell's ("Dr. Ferrell") opinions to determine McWhorter's Functional Capacity Evaluation was inadequate and cannot reasonably be used to support the ALJ's denial of benefits because his opinions are inconsistent with the bulk of the medical evidence or with the opinions of the treating or examining physicians or vocational experts. (ECF No. 43 at 2.) McWhorter maintains that controlling weight should be assigned to these opinions instead. (ECF No. 43 at 2.)

The ALJ's assessment is to be based on all relevant evidence in the case record. *See* 20 C.F.R. 404.1545(a). Here, the Magistrate noted that the ALJ discussed all medical evidence and nonmedical evidence at great length. (ECF No. 41 at 11; Tr. 24-35.) The ALJ made a specific finding that the RFC determination was supported by findings of State agency physician Dr. Ferrell and accorded the opinions of Dr. Ferrell greater weight than the opinion of his treating physician Dr.

David Shallcross ("Dr. Shallcross"). (Tr. 34-35.) The ALJ further reduced McWhorter's RFC to sedentary unskilled work to accommodate his credible limitations. (Tr. 35.)

Generally, an ALJ will "accord greater weight to the testimony of a treating physician" but the relevant rule does not require that the testimony be given controlling weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). The ALJ is to give controlling weight to a treating physician's opinion if it is not inconsistent with substantial evidence in the record and is well supported by clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1527 (c)(2), 416.927 (c)(2) (effective March 26, 2012); *see also* SSR 96-2p, 1996 WL 374188, at *5 (1996) (requiring the ALJ to provide an explanation of the weight given to the treating source's medical opinion). By negative implication, it follows that a treating physician's opinion can be accorded significantly less weight if it is not supported by the clinical evidence or if it is inconsistent with other substantial evidence. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir.1996).

Relatedly, while the testimony of a non-examining, non-treating physician cannot, by itself, serve as substantial evidence supporting a denial of disability benefits when contradicted by all of the other evidence in the record, the Fourth Circuit has determined that the testimony of a non-examining physician can be relied upon when it is consistent with the record. *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984); *Smith v. Schweiker*, 795 F.2d 343, 345-346 (4th Cir. 1986) (noting that the opinion of a non-examining physician can constitute substantial evidence to support the Commissioner's decision). Additionally, if the medical expert testimony from examining or treating physicians goes both ways, an ALJ's determination coming down on the side which the non-examining, non-treating physician finds himself should stand. *Gordon v. Schweiker*, 725 F.2d at 235. In sum, an ALJ may disregard a treating physician's opinion if there is persuasive

contradictory evidence and the ALJ fully articulates his reasons in choosing to discredit the report of the treating physician. *Smith v. Schweiker*, 795 F.2d 343, 345–46 (4th Cir.1986); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir.1983).

Nonetheless, as a related second objection, McWhorter argues that the ALJ has not properly considered the opinions of McWhorter's treating physicians and medical care providers. (ECF No. 43 at 2.) He contends the ALJ has "ignored the opinions of treating physicians who have concluded that their patient is 'disabled' or 'unable to work.'" (ECF No. 43 at 2.) McWorter also argues that the Magistrate Judge's report indicates "a bias in favor of the Defendant against the Plaintiff" and a "stacking of the deck against Plaintiffs like Mr. McWhorter." (ECF No. 43 at 3.) As noted by the Magistrate Judge, Dr. Shallcross's (and others) non-medical opinions, i.e., indicating claimant is "disabled" or "unable to return to work," are not entitled to any special significance. *See* 20 C.F.R. § 404.1527(d); *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002) (statements that a claimant could not be gainfully employed are not medical opinions, but opinions on the application of the statute, a task assigned solely to the discretion of the Commissioner).

McWhorter, however, has raised a broader issue concerning the weight and the treatment given to the opinions of Dr. Shallcross. (ECF No. 43 at 1-2.) While an ALJ may not reject medical evidence for no reason or for the wrong reason, *see King v. Califano*, 615 F.2d 1018, 1020 (4th Cir.1980), as noted above, an ALJ may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source, based on the factors set forth at 20 C.F.R. § 404.1527(c), if he sufficiently explains his rationale and if the record supports his findings. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and § 416.927. In this case, the ALJ appears to have acknowledged the

other opinions of Dr. Shallcross in recounting them through his description of the medical evidence on the record and ultimately chose to "reject the opinion" of Dr. Shallcross that McWhorter was unable to return to the workplace. (Tr. 34-35.) While the ALJ was clear in noting that the opinion of both Dr. Stewart and Dr. Shallcross were "contradicted by dozens of notes of methadone use, alcohol, and drugs used" and that McWhorter made inconsistent statements to Dr. Shallcross regarding his need for drugs, thereby exhibiting "drug-seeking behavior," this analysis is not complete and does not allow the court to determine whether the ALJ properly analyzed the treating physician's opinion in light of the factors provided in 20 C.F.R. § 404.1527 and § 416.927 and whether the ALJ's decision is supported by substantial evidence in this regard. The court cannot determine what weight, if any, was given to Dr. Shallcross's other opinions, i.e., medical opinions, by the ALJ, or why. It is the ALJ, not the Commissioner, that must explain why a treating physician's opinion is discounted or rejected. *See Garrett v. Astrue*, No. 0-10-2454-CMC-PJG, 2012 WL 174655 (D.S.C. Jan. 20, 2012). This case is therefore remanded for the ALJ to reconsider and acknowledge what weight, if any, is given to the medical opinions of Dr. Shallcross in accordance with 20 C.F.R. §§ 404.1527 (c)(2), 416.927 (c)(2) and SSR 96-2p. Once the ALJ conducts a proper analysis with respect to the treating physicians' opinions, he should reassess, if needed, Plaintiff's RFC analysis.

**2. Consideration of report of Dr. Bill Stewart.**

McWhorter objects to the Magistrate Judge's conclusion that the Commissioner properly considered the report of Dr. William Stewart ("Dr. Stewart"). (ECF No. 43 at 5-6.) McWhorter further claims that the ALJ committed reversible error in failing to provide any reasons for rejecting Dr. Stewart's opinion. (ECF No. 43 at 5.) Dr. Stewart is a former professor of rehabilitation

counseling, board certified rehabilitation counselor, board certified vocational counselor, and licensed professional counselor. Thus, Dr. Stewart is not an "acceptable medical source" and instead is considered a nonmedical "other source." *See* SSR 06-03p; 20 C.F.R. § 404.1513(a) and (d); 20 C.F.R.§ 404.1527. He is not a treating source whose medical opinion may be entitled to controlling weight. *See* 20 C.F.R. § 404.1527(a)(2); 20 C.F.R. § 404.1513. Review of the record indicates, the ALJ did discuss Dr. Stewart's report and opinions and the record reflects this consideration and reasons for such treatment. (Tr. 35.) Thus, McWhorter's objection is without merit.

### 3. Consideration of opinion of Dr. DeVault.

McWhorter also objects to the Magistrate Judge's conclusion that the ALJ properly considered the opinion of Dr. William DeVault. (ECF No. 43.) McWhorter did not object to the Magistrate's conclusion that Dr. DeVault, who performed a one-time consultative examination (after the hearing before the ALJ) is not a treating physician and therefore not entitled to controlling weight. In fact, McWhorter characterizes Dr. DeVault as an examining physician. (ECF No. 43 at 3.) As noted by the Magistrate Judge, Dr. DeVault's opinion that Plaintiff was not able to work is an issue reserved to the Commissioner and is not entitled to any special weight or significance. Additionally, as the Magistrate Judge noted, Dr. DeVault stated that his belief that McWhorter was not able to hold gainful employment was based on McWhorter's current (as of October 30, 2009) health problems. (ECF No. 41 at 16; Tr. 816-819.) This included not only the impairments McWhorter had during the relevant time period (alleged onset date until he was found disabled on April 1, 2009), but also included his cancer diagnosis. (*Id.*) Although the court finds no issue with the Appeals Council's consideration of Dr. DeVault's opinion even in light of *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011), since this action is remanded to address the treatment of Dr. Shallcross's

opinion, the ALJ should also consider Dr. DeVault's opinion on remand only as it relates to the issue of McWhorter's claim of impairment before the date of April 1, 2009, the date on which the Appeals Council found that McWhorter was disabled due to head and neck cancer.

### 4. Adequacy of Credibility Findings Concerning the Testimony of McWhorter.

Finally, McWhorter objects to the Magistrate Judge's conclusion that the Commissioner made adequate credibility findings concerning his testimony. (ECF No. 43 at 7.) McWhorter, in his objections, claimed that his "statements concerning the intensity, persistence, and limiting effects of his pain symptoms are generally credible" and that the objective evidence of McWhorter's medical conditions make it obvious that McWhorter is disabled. (ECF No. 43 at 7.) McWhorter also claims that the ALJ applied an improper standard in assessing the credible pain suffered by McWhorter and failed to adequately consider testimony concerning the pain. (ECF No. 43 at 8.) The ALJ noted evidence in the record which indicated that McWhorter was exhibiting "drug-seeking behavior" by telling physicians different things to get drugs and found that McWhorter "is just not very believable." (Tr. 35.) Inconsistencies between a claimant's alleged symptoms and the evidence of record may support a finding that the claimant is not fully credible. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir.1994). In light of the above, the ALJ properly concluded that McWhorter's complaints were not entirely credible and McWhorter does not seem to disagree as the Objections characterize his statements as "generally credible." (ECF No. 43 at 7.) Therefore, the court finds this objection to be without merit.

### CONCLUSION

In light of the standard set out above, the court has reviewed the Report and Recommendation and the objections and response thereto. The court adopts the Report in part and reverses and

remands the Commissioner's decision for further proceedings to properly state what weight is given to the medical opinions of Dr. Shallcross, if any, and plainly articulate those reasons in accordance with the directives of 20 C.F.R. § 404.1527 and § 416.927. Upon review, the court finds no error with respect to Plaintiff's RFC, consideration of the opinions of Dr. Stewart and Dr. DeVault, or Plaintiff's credibility determination. Nonetheless, if the ALJ affords some weight to Dr. Shellcross's opinion on remand, to the extent the remainder of the sequential evaluation process will change, the ALJ will need to consider the effect of Dr. Shellcross's opinion on McWhorter's credibility determination (including complaints of pain) and the RFC determination. For the reasons set forth above, the Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the court remands this case for further administrative action consistent with this order.

      IT IS SO ORDERED.

s/ Mary G. Lewis  
United States District Judge

Spartanburg, South Carolina  
September 26, 2012